**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ramon Juan CHAVEZ–ORTEGA,
Defendant–Appellant.**

No. 00–10365.

D.C. No. CR–99–00459–PMP.

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 2001.[1]

Decided April 19, 2001.

Before CANBY, KOZINSKI, and RYMER, Circuit Judges.

### MEMORANDUM [2]

Ramon Juan Chavez–Ortega appeals the 57–month sentence imposed following his guilty plea to reentry of a deported alien. Chavez–Ortega contends that in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), a prior felony is an element of 8 U.S.C. § 1326(b) which must be pled in the indictment, and that failure to do so renders a sentence in excess of 8 U.S.C. § 1326(a)'s statutory maximum illegal. Chavez–Ortega also contends that *Apprendi* renders *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), inapplicable to this case because Chavez–

Ortega did not admit to an aggravated felony at his plea hearing. These arguments are foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir. 2000), *amended* (Feb. 8, 2001) (order).

The sentence is AFFIRMED. This matter is REMANDED to the district court with directions to correct the judgment of conviction to exclude the reference to 8 U.S.C. § 1326(b), consistent with *United States v. Rivera–Sanchez,* 222 F.3d 1057 (9th Cir.2000). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (2000).

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

