**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Carlos SANTOS–RIOS,
Defendant–Appellant.**

No. 00–10545.

D.C. No. CR–00–00150–DWH.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001 *.

Decided June 21, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**530**

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM [**]

Federal prisoner Juan Carlos Santos–Rios appeals the forty-six month sentence imposed following his guilty plea to one count of being found in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm in part and remand in part.

Santos–Rios contends the district court erred by enhancing his sentence on the basis of his prior aggravated felony conviction, which was not pleaded in the indictment. Santos–Rios concedes this contention is foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) (stating *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) did not overrule *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).

Santos–Rios was convicted of violating § 1326(a) and (b). The government concedes it was error for the judgment to refer to § 1326(b). We remand to the district court with instructions to enter a corrected judgment that does not refer to 8 U.S.C. § 1326(b). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (citing *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1061–64 (9th Cir. 2000)).

AFFIRMED in part; and REMANDED in part.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

