**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Victor CORTEZ–CASTRO,**
**Defendant—Appellant.**

**No. 01–30302.**
**D.C. No. CR–01–00064–A–JKS.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 19, 2002.

Before RYMER, T.G. NELSON and THOMAS, Circuit Judges.

MEMORANDUM**

Victor Cortez–Castro appeals his bench trial conviction and 80–month sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Cortez–Castro contends that in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court erred by denying him a reduction in his sentencing offense level to the two-year maximum set forth in 8 U.S.C. § 1326(a) because there was no proof at trial that he had sustained a prior aggravated felony conviction. Cortez–Castro also contends that *Apprendi* renders inapplicable *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that 8 U.S.C. § 1326(b)(2) is a sentencing factor and not a separate offense). As Cortez–Castro concedes, these arguments are foreclosed by *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.), *cert. denied*, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001). Accordingly, the sentence is affirmed.

We remand for the limited purpose of directing the district court to amend the judgment to reflect a conviction under 8 U.S.C. 1326(a) only. *United States v. Herrera–Blanco*, 232 F.3d 715 (9th Cir. 2000) (sua sponte remanding to the district court with directions to correct the judgment of conviction to exclude a reference to 8 U.S.C. § 1326(b)(2)).

**AFFIRMED in part and REMANDED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.