**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Roberto RODRIGUEZ–GONZALEZ,**
**Defendant—Appellant.**

No. 02–10194.

D.C. No. CR–00–00392–LDG.

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Jan. 13, 2003.*

Decided Jan. 16, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM **

Roberto Rodriguez–Gonzalez appeals from his guilty plea conviction for unlawful reentry of deported alien after conviction of an aggravated felony in violation of 18 U.S.C. § 1326(a) and (b). Rodriguez–Gonzalez contends that in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court erred by denying him a reduction in his sentencing offense level to the two-year maximum set forth in 8 U.S.C. § 1326(a) because he never admitted at the change of plea hearing that he had sustained a prior aggravated felony conviction. As Rodriguez–Gonzalez concedes, these arguments are foreclosed by *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.), cert. denied, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001). Accordingly, the sentence is affirmed.

We remand for the limited purpose of directing the district court to amend the judgment to reflect a conviction under 8 U.S.C. 1326(a) only. *United States v. Herrera–Blanco*, 232 F.3d 715 (9th Cir. 2000) (sua sponte remanding to the district court with directions to correct the judgment of conviction to exclude a reference to 8 U.S.C. § 1326(b)(2)).

**AFFIRMED in part and REMANDED in part.**