**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Salvador HERNANDEZ–GUTIERREZ,**
**Defendant—Appellant.**

**No. 04–50423.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Jill Feeney, Los Angeles, CA, for Plaintiff–Appellee.

Office of the U.S. Attorney Criminal Division, Suzanne M. Lachelier, AFP, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Salvador Hernandez–Gutierrez appeals from the sentence imposed following his guilty plea conviction for being a deported alien found in the United States without permission in violation of 8 U.S.C. § 1326.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We have jurisdiction pursuant to 28 U.S.C. § 1291.

Because Hernandez–Gutierrez was sentenced under the then-mandatory Sentencing Guidelines, and because we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez*, 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline*'s limited remand procedure to cases involving nonconstitutional error).

Remand is also warranted because it is equally unclear whether the district court considered the sentencing factors in 18 U.S.C. § 3553(a), factors left intact by the *Booker* Court. *See United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 764, 160 L.Ed.2d 621 (2005) ("Without the 'mandatory' provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals. *See* 18 U.S.C.A. § 3553(a) (Supp.2004).").

Hernandez–Gutierrez argues, for the first time in his supplemental brief on appeal, that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law and that his prior conviction cannot be used to enhance his sentence under 8 U.S.C. § 1326(b), but must be pleaded and proven beyond a reasonable doubt. Because he waived this issue by failing to raise it before the district court or in his opening brief, and because we have found no subsequent change in the law warranting our review, we decline to consider this

issue here. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999).

Finally, in accordance with *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir.2000), we remand with instructions that the district court delete from the judgment the incorrect reference to § 1326(b)(1). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete reference to § 1326(b)).

**REMANDED.**