**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Carlos HERRERA–BLANCO,
Defendant–Appellant.**

**No. 98–30342.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 3, 2000

Filed Nov. 14, 2000

Shelley K. Chaffin, Law Office of Lance C. Wells, P.C., Anchorage, Alaska, for the defendant-appellant.

William C. Brown, United States Attorney, United States Department of Justice, Washington, District of Columbia, for the plaintiff-appellee.

Before: GOODWIN, ALARCON, and McKEOWN, Circuit Judges.

ALARCON, Circuit Judge:

Juan Carlos Herrera–Blanco ("Herrera–Blanco") appeals from the judgment of conviction of the crime of unlawful reentry into the United States by a previously deported alien without the express consent of the Attorney General of the United States in violation of 8 U.S.C. § 1326(a) and § 1326(b)(2). He seeks reversal of his conviction on two discrete grounds:

One: The Anti–Terrorism and Effective Death Penalty Act ("AEDPA") is unconstitutional because it denies the right to a direct appeal from a deportation order to an alien if he has previously suffered a conviction for an aggravated felony.

Two: The immigration judge deprived him of his right to due process by inducing him to give up his right to file an appeal from the deportation order by erroneously informing him that he was ineligible for relief from deportation. Herrera–Blanco asserts that the provisions of AEDPA denying relief from deportation do not apply to an alien whose conviction of an aggravated felony occurred prior to the effective date of AEDPA.[1]

---

1. Prior to the enactment of AEDPA, an alien previously convicted of an aggravated felony was eligible for discretionary relief pursuant to 8 U.S.C. § 1182(c) (1994). In AEDPA, Congress amended § 1182(c) to provide that an alien is ineligible to seek a waiver of deportation if he or she is "deportable by reason of having committed any criminal offense covered in 8 U.S.C. § 1251(a)(2)(A)(iii), (B), (C), or (D)." Antiterrorism and Effective

We affirm because we conclude that there is no merit to these contentions.

## I

Herrera–Blanco, a citizen of Mexico, entered the United States on October 27, 1988. He was granted lawful permanent resident status on December 1, 1990. On August 31, 1994, he was charged in an Alaska state court with one count of first degree burglary and one count of second degree sexual assault. He was convicted following a trial by jury on both counts. Judgment was entered on January 4, 1996.

Herrera–Blanco filed an appeal from the Alaska state court's judgment. He was released on bail pending the determination of his appeal. The judgment was affirmed on August 4, 1997. Herrera–Blanco began serving his state prison sentence on September 24, 1997.

The Immigration and Naturalization Service ("INS") served Herrera–Blanco with a notice of hearing and an order to show cause dated April 8, 1998 while he was still incarcerated. He was released from prison on May 10, 1998. Shortly thereafter he appeared without counsel before an immigration judge ("IJ"). In response to the IJ's questions, Herrera–Blanco stated that he should be removed from the United States because of his conviction of two aggravated felonies.

The IJ found that Herrera–Blanco was deportable from the United States. The IJ then informed Herrera–Blanco that "due to the nature of your conviction you are not eligible for any relief." Herrera–Blanco waived his right to appeal from the deportation order. He was deported on May 13, 1998.

Herrera–Blanco was arrested in Alaska on June 3, 1998. On June 16, 1998, he was indicted for unlawful reentry of an alien

previously deported following conviction of a felony in violation of 8 U.S.C. §§ 1326(a), (b)(2). On July 29, 1998, Herrera–Blanco moved to dismiss the indictment. In his motion, he collaterally attacked the validity of the deportation order. He argued that AEDPA is unconstitutional because it precludes judicial review of deportation orders. He also asserted that AEDPA cannot be applied retroactively to deny discretionary relief to an alien who was eligible for such relief when the prior felony was committed before AEDPA's effective date. He further maintained that the IJ failed to inform him that he was eligible for discretionary relief from deportation. The district court denied the motion to dismiss the indictment.

Herrera–Blanco pled guilty as charged in the indictment but reserved the right to appeal from the denial of his motion to dismiss the indictment. On November 13, 1998, the district court entered its judgment sentencing Herrera–Blanco to serve 41 months in prison and two years of supervised release for violating §§ 1326(a), (b)(2). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291.

## II

▮ Herrera–Blanco initially challenges the order of deportation "[b]ecause meaningful judicial review [of a deportation order] was absolutely foreclosed by the Anti–Terrorism and Effective Death Penalty Act of 1996 in violation of the Fifth Amendment Due Process Clause." Appellant's Opening Brief at 17. We review de novo a district court's order denying a collateral attack on a deportation proceeding. *See United States v. Proa–Tovar,* 975 F.2d 592, 594 (9th Cir.1992) (en banc).

Death Penalty Act of 1996, Pub.L. No. 104–132, § 440(d), 110 Stat. 1214, 1277 (1996) (codified as amended in scattered sections of 8, 15, 18, 22, 28, 40, 42, 50 U.S.C.). The content of 8 U.S.C. § 1251 was later trans-

ferred to 8 U.S.C. § 1227. *See* 8 U.S.C. § 1251 (1999). Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

In 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). It provides that federal courts lack subject matter jurisdiction to review a final order of removal predicated upon the conviction of an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C). Section 1252(a)(2)(C) reads in pertinent part as follows: "Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense, covered in ... [§ ]1227(a)(2)(A)(iii). . . ." Section 1227(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

The Supreme Court instructed in *United States v. Mendoza–Lopez*, 481 U.S. 828, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987), that an alien must be afforded the opportunity to attack collaterally a deportation order that constituted an element of a criminal offense. *See id.* at 837–39, 107 S.Ct. 2148. The Court explained this requirement in the following words:

> Our cases establish that where a determination made in an administrative proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there must be some meaningful review of the administrative proceeding. This principle means at the very least that where the defects in an administrative proceeding foreclose judicial review of that proceeding, an alternative means of obtaining judicial review must be made available before the administrative order may be used to establish conclusively an element of a criminal offense. The result of those proceedings may subsequently be used to convert the misdemeanor of unlawful entry into the felony of unlawful entry after a deportation. Depriving an alien of the right to have the disposition in a deportation hearing reviewed in a judicial forum requires, at a minimum, that review be made available in any subsequent proceeding in which the result of the deportation proceeding is used to establish an element of a criminal offense.

*Id.* (citations and footnotes omitted).

■ Where direct judicial review of a deportation order is unavailable, "the validity of the deportation order may be collaterally attacked in the criminal proceeding." *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000). An alien may collaterally attack the validity of a deportation order if he or she demonstrates that "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d)(1)-(3).

Herrera–Blanco collaterally attacked the validity of the deportation order in the district court in his motion to dismiss the indictment. Thus, he has availed himself of an alternative means of judicial review. *See United States v. Mendoza–Lopez*, 481 U.S. at 838, 107 S.Ct. 2148. The question whether the IJ deprived Herrera–Blanco of his right to judicial review by advising him that he was ineligible for discretionary relief from the deportation order is squarely before us in this appeal. Accordingly, we reject Herrera–Blanco's contention that AEDPA and IIRIRA violated his constitutional right to meaningful appellate review of his due process claim.

### III

■ Herrera–Blanco maintains that the waiver of his right to appeal the deportation order was not "considered and intelligent" because the IJ erroneously informed him that he was ineligible for any form of relief from deportation. He argues that the AEDPA § 440(d)'s amendment to former 8 U.S.C. § 1182(c) cannot be applied retroactively to an alien who was convicted of an aggravated felony prior to the April

24, 1996 effective date of AEDPA.[2] He maintains that he "should not be punished because the INS failed to initiate deportation proceedings at the time he entered his plea/and or at the time of sentencing." Appellant's Opening Brief at 24. We rejected a similar argument in *Magana–Pizano v. INS*, 200 F.3d 603 (9th Cir.1999). We held in *Magana–Pizano* that:

> AEDPA § 440(d)'s bar of discretionary relief previously afforded by INA § 212(c) should not apply to aliens whose deportation proceedings were pending when AEDPA became law and to those who can demonstrate that they entered guilty or *nolo contendere* pleas in reliance upon the relief afforded by INA § 212(c). However, we also hold that, absent a showing of specific reliance, AEDPA applies to those aliens who were convicted of crimes prior to the enactment of AEDPA, but who were not placed in deportation or exclusion proceedings until after AEDPA's effective date.

*Id.* at 614.

Herrera–Blanco was not placed in deportation proceedings until after April 24, 1996. The record shows that he pled *not* guilty and exercised his right to trial by jury. Thus, he does not come within the exception to the retroactive application of § 440(d) for persons who pled guilty or *nolo contendere* in reliance upon INA § 212(c). Under the law of this circuit, Herrera–Blanco was not entitled to apply for a waiver of deportation because his deportation proceedings did not occur until after April 24, 1996, the effective date of AEDPA. The IJ did not err in informing Herrera–Blanco that he was not eligible for discretionary relief from deportation.

Since he admitted to the IJ that he was subject to deportation because he had been convicted of two aggravated offenses, he was not improperly deprived of the opportunity for judicial review by the IJ's statement that he was not eligible for discretionary relief. He has failed to demonstrate that the entry of the deportation order was fundamentally unfair. *See* 8 U.S.C. § 1326(d)(1)-(3).

## IV

The district court did not err in denying the motion to suppress the indictment. The judgment of conviction is AFFIRMED. This matter is REMANDED to the district court with directions to correct the judgment of conviction to exclude the reference to 8 U.S.C. § 1326(b)(2). *See United States v. Rivera–Sanchez*, 222 F.3d 1057 (9th Cir.2000).

---

**2.** Prior to its repeal, § 1182(c) provided:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section (other than paragraphs (3) and (9)(C)). Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 1181(b) of this title. The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.