UNITED STATES of America,
Plaintiff–Appellee,

v.

German ROBLES–FRIAS,
Defendant–Appellant.

No. 00–10294.

D.C. No. CR–99–00484–HDM/RLH.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 22, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

## MEMORANDUM [2]

German Robles–Frias appeals the sentence imposed following his guilty plea to unlawful reentry of a deported alien. Robles–Frias contends that in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), imposition of a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) based upon a prior felony not pled in the indictment is illegal. Robles–Frias also contends that *Apprendi* renders inapplicable *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that 8 U.S.C. § 1326(b)(2) is a sentencing factor and not a separate offense), because Robles–Frias did not admit to an aggravated felony at his plea hearing. These arguments are foreclosed by *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000), *amended* (Feb. 8, 2001).

The sentence is AFFIRMED. This matter is REMANDED to the district court with directions to correct the judgment of conviction to exclude the reference to 8 U.S.C. § 1326(b), consistent with *United States v. Rivera–Sanchez*, 222 F.3d 1057 (9th Cir.2000). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (2000).

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.