**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roberto MONTES–GODINEZ,**
**Defendant–Appellant.**

No. 01–30115.
D.C. No. CR–00–00523–BJR.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 15, 2001.*

Decided Oct. 24, 2001.

* The panel unanimously finds this case suitable

Before REINHARDT, GRABER, and BERZON, Circuit Judges.

MEMORANDUM **

Roberto Montes–Godinez appeals the 55–month sentence imposed following his guilty plea to one count of illegal reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). We dismiss for lack of jurisdiction.

Montes–Godinez contends that the district court erred in denying his request for a downward departure based on cultural assimilation. The record reflects that the district court acknowledged its authority to depart downward, but choose not to do so on the facts of this case. Accordingly, we lack jurisdiction to review the district court's discretionary denial of Montes–Godinez's downward departure request. *United States v. Lipman*, 133 F.3d 726, 729 (9th Cir.1998).

The judgment entered against Montes–Godinez references both 8 U.S.C. § 1326(a) and (b)(2). Subsection (b)(2) simply authorizes an enhanced penalty and is not considered a separate crime. *Almendarez–Torres v. United States*, 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). We therefore remand to the district court with instructions to enter a corrected judgment that does not refer to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir.2000).

DISMISSED in part and REMANDED with instructions.

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.