## UNITED STATES OF AMERICA, Plaintiff—Appellee,

v.

## Martin BARBOSA–FLORES, Defendant—Appellant.

### No. 04–50443.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Ronald L. Cheng, Esq., Stefanie Isser Goldblatt, Esq., Keri Curtis Axel, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Suzanne M. Lachelier, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: REINHARDT, RYMER and HAWKINS, Circuit Judges.

## MEMORANDUM **

Martin Barbosa–Flores appeals from a sentence imposed following his guilty plea

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to illegal reentry in violation of 8 U.S.C. § 1326(a) & (b)(2).

Barbosa–Flores, who filed his brief with this court before the Supreme Court issued its decision in *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), argues that the Sentencing Guidelines are unconstitutional and that the enhancement of his sentence based on a prior conviction must therefore be invalidated. That argument, however, has since been overtaken by *Booker*. Barbosa–Flores' contention that his enhancement based on a prior conviction is unconstitutional is foreclosed by this court's case law. *See United States v. Moreno–Hernandez*, 419 F.3d 906, 15, n. 8 (9th Cir. 2005) (explaining that a district judge's enhancement of a sentence, based on the fact of a prior conviction under U.S.S.G. § 2L1.2, does not raise any Sixth Amendment problems).

Because Barbosa–Flores was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See Moreno–Hernandez*, *8 (extending *Ameline's* limited remand procedure to cases involving non-constitutional *Booker* error).

REMANDED.[1]

---

1. On remand the district court should also correct the judgment to exclude the reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir. 2000).

