**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Norberto LEON, Defendant—Appellant.**

No. 04–50154.

D.C. No. CR–03–00604–SJO–01.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Daniel A. Saunders, USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM**

Norberto Leon appeals from his sentence imposed following his guilty plea

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) & (b)(2).

Leon contends that the district court violated his constitutional rights in making an upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for a crime of violence. This contention is foreclosed by this court's case law. *See United States v. Moreno–Hernandez*, 419 F.3d 906, 914–15 n. 8 (9th Cir.2005) (explaining that a district judge's enhancement of a sentence, based on the fact of a prior conviction under U.S.S.G. § 2L1.2, does not raise any Sixth Amendment problems).

Because Leon was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir. 2005) (en banc). *See Moreno–Hernandez* at 915–16 (extending *Ameline's* limited remand procedure to cases involving nonconstitutional *Booker* error).[1]

**REMANDED.**

---

1. On remand the district court should also correct the judgment to exclude the reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir. 2000).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).