**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Benjamin LAZARO–ALONZO, a/k/a Benjamin Lazaro, Defendant— Appellant.**

**No. 04–50457.
D.C. No. CR–04–00475–GAF–01.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Ronald L. Cheng, Timothy J. Searight, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before REINHARDT, RYMER and HAWKINS, Circuit Judges.

MEMORANDUM**

Benjamin Lazaros–Alonso appeals from his sentence imposed following his guilty plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a), and (b)(2).

Lazaro–Alonso, who filed his brief with this court before the Supreme Court is-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sued its decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), argues that the Sentencing Guidelines are unconstitutional and that the enhancement of his sentence based on a prior conviction must therefore be invalidated. That argument, however, has since been overtaken by *Booker*. Lazaro–Alonso's contention that his enhancement based on a prior conviction is unconstitutional is foreclosed by this court's case law. *See United States v. Moreno–Hernandez*, 419 F.3d 906, 914–15 n. 8 (9th Cir.2005) (explaining that a district judge's enhancement of a sentence, based on the fact of a prior conviction under U.S.S.G. § 2L1.2, does not raise any Sixth Amendment problems).

Because Lazaro–Alonso was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See Moreno–Hernandez*, at 915–16 (extending *Ameline's* limited remand procedure to cases involving non-constitutional Booker error).[1]

**REMANDED.**

---

1. On remand the district court can also correct the judgment to exclude the reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir. 2000).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).