**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Leo Nicholas GASGA–AMAYA,**
**Defendant—Appellant.**

No. 04–50489.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 27, 2005.

Michelle P. Jennings, U.S. Attorney Office, San Diego, CA, for Plaintiff-Appellee.

Antonio F. Yoon, San Diego, CA, for Defendant-Appellant.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

Before: REINHARDT, RYMER and HAWKINS, Circuit Judges.

MEMORANDUM \*\*

Leo Nicolas Gasga–Amaya appeals from a 27–month sentence imposed following his guilty plea to being a deported alien in violation of 8 U.S.C. § 1326.

Gasga–Amaya contends that his 41–month sentence exceeded the statutory maximum allowed under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because he did not admit, and the government did not prove to a jury, his prior aggravated felony conviction, which the court used to increase his term pursuant to 8 U.S.C. § 1326(b)(2) and the United States Sentencing Guidelines. This contention is foreclosed by this court's case law. *See United States v. Moreno–Hernandez,* 419 F.3d 906, 915 n. 8 (9th Cir.2005) (explaining that a district judge's enhancement of a sentence, based on the fact of a prior conviction under U.S.S.G. § 2L1.2, does not raise any Sixth Amendment problems).

Because Gasga–Amaya was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See Moreno Hernandez at* 916 (extending *Ameline's* limited remand procedure to cases involving non-constitutional *Booker* error).

REMANDED.[1]

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. On remand the district court should also correct the judgment to exclude the reference to 8 U.S.C. § 1326(b)(2). *See United States v.*

*Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir. 2000).

