**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Salvador Antonio HERRERA,**
**Defendant—Appellant.**

**No. 05–50527.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 18, 2006.

Becky S. Walker, Esq., Douglas M. Fuchs, AUSA, USLA-Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Monica Knox, Esq., Callie Glanton Steele, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Salvador Antonio Herrera appeals his conviction by guilty plea and sentence for being an illegal alien found in the United States following deportation. Herrera contends that the holding in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that a qualifying prior conviction that increases a sentence pursuant to 8 U.S.C. § 1326(b) is a "sentencing factor" to be found by a judge at sentencing rather than by a jury, has been undercut by subsequent Supreme Court decisions, and that the prior-conviction enhancement provisions of § 1326(b) are no longer constitutionally permissible. This contention is foreclosed. *United States v. Weiland*, 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (noting that we continue to be bound by the Supreme Court's holding in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that a district court may enhance a sentence on the basis of prior convictions, even if the fact of those convictions was not found by a jury beyond a reasonable doubt).

The conviction and sentence are therefore affirmed.

In accordance with *United States v. Rivera–Sanchez*, 222 F.3d 1057 (9th Cir.2000), we remand the case to the district court with instructions that it delete from the judgment, which currently identifies the offense statute as "8 U.S.C. 1326(a),(b)(2),"

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the incorrect reference to (b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED and REMANDED.**

The conviction and sentence are therefore affirmed.

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057 (9th Cir.2000), we remand the case to the district court with instructions that it delete from the judgment, which currently identifies the offense statute as "8 U.S.C. 1326(a),(b)(2)," the incorrect reference to (b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.