**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Amadeo TERSERO–AGUILAR, Defendant—Appellant.**

**No. 05–50437.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 18, 2006.

Becky S. Walker, Esq., William W. Carter, USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Hoyt Y. Sze, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM \*\*

Amadeo Tersero–Aguilar appeals his conviction by guilty plea and sentence for being an illegal alien found in the United States following deportation.

Tersero–Aguilar contends that his sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(2) based on a prior aggravated felony not found by the jury is unconstitutional. To that end he argues that subsequent Supreme Court opinions have undercut the validity of *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that the determination of a qualifying prior conviction is a "sentencing factor" to be found by the judge by a preponderance of the evidence at sentencing.

This contention is foreclosed. *See United States v. Weiland*, 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (noting that we continue to be bound by the Supreme Court's holding in *Almendarez–Torres* ).

The conviction and sentence are therefore affirmed.

In accordance with *United States v. Rivera–Sanchez*, 222 F.3d 1057 (9th Cir.2000), we remand the case to the district court with instructions that it delete from the judgment, which currently identifies the offense statute as "8 U.S.C. 1326(a),(b)(2)," the incorrect reference to (b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED and REMANDED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.