**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Byron VILLEGAS, aka Juan Carlos Gonzalez, Defendant—Appellant.**

No. 05–50175.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Feb. 7, 2006.

Decided Feb. 21, 2006.

682

Lawrence Ng, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Brian A. Newman, Esq., Law Offices of Brian A. Newman, Culver City, CA, for Defendant–Appellant.

Before: THOMPSON, T.G. NELSON, and GOULD, Circuit Judges.

## MEMORANDUM *

Byron Villegas, a.k.a. Juan Carlos Gonzalez, appeals the district court's denial of his motion to suppress his "identity evi-

dence." [1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and affirm the denial of Villegas's motion to suppress.

We review the district court's denial of a motion to suppress evidence de novo, but review its underlying factual findings for clear error. *See United States v. Summers,* 268 F.3d 683, 686 (9th Cir.2001). We review the district court's determination of probable cause de novo. *See United States v. Nava,* 363 F.3d 942, 944 (9th Cir.2004).

Villegas contends that the district court improperly denied his motion to suppress his "identity evidence" obtained as a result of his arrest because the government did not have probable cause to arrest him. The district court found that there was probable cause to arrest Villegas based on Special Agent Frank Aimaro's sealed *in camera* declaration, his testimony at an *in camera* hearing in which he described the confidential source's reliability and detailed information the source had provided. The district court summarized and commented upon the *in camera* declaration and hearing in an *in camera* minute order which was also sealed.

We deny Villegas's motion to unseal the sealed district court documents. To unseal them would necessarily disclose the confidential source's identity, which we decline to do. *See United States v. Anderson,* 509 F.2d 724, 730 (9th Cir.1974). However, we have carefully reviewed Aimaro's sealed *in camera* declaration, the district court's sealed *in camera* supplemental minute order describing Aimaro's

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Villegas's identity evidence includes his identity, fingerprints, INS forms, and "other identification materials." In its opposition to Villegas's motion to suppress, the government stated that it did not intend to introduce in its case-in-chief any statements made by Villegas to law enforcement officers.

testimony at the *in camera* hearing, and the sealed transcript of that *in camera* hearing. Based on our review of these sealed materials, as well as the rest of the record in this case, we conclude there was probable cause for Villegas's arrest. *See United States v. Bishop,* 264 F.3d 919, 924 (9th Cir.2001). Accordingly, we affirm the district court's denial of Villegas's motion to suppress.

We remand to the district court, however, with instructions to it to correct the judgment to exclude the reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000); *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir.2000).

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**