**UNITED STATES OF AMERICA,**
**Plaintiff—Appellee,**

v.

**Pedro Sandoval VILLANUEVA, a/k/a Pedro Vallanuev Sandoval, Pedro Sandoval Villanuea, Pedro Villanueva, Fidel Vargas, Luis Villanueva, Defendant—Appellant.**

**No. 05–50815.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Mary Carter Andrues, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Anthony Eaglin, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before ALARCON, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Pedro Sandoval Villanueva appeals the sentence imposed following his guilty plea conviction for being an illegal alien found in the United States after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2).

■ Villanueva contends that district court erred by sentencing him to a term of 57 months when he only pled to the elements of 8 U.S.C. 1326(a), which carries a maximum sentence of two years. He also contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law in light of the intervening Supreme Court decision *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). These contentions are foreclosed. *See United States v. Beng–Salazar,* 452 F.3d 1088 (9th Cir.2006) (rejecting after

*Shepard* the specific contention that a section 1326(b) enhancement cannot be applied where the defendant did not admit the prior conviction during a guilty plea); *United States v. Weiland,* 420 F.3d 1062, 1080 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres* even though it has been called into question, unless it is explicitly overruled by the Supreme Court).

■ Villanueva contends that the district court's imposition of a supervised release condition that requires him to report to his probation officer within 72 hours if he reenters the United States after being deported forces him to incriminate himself in violation of the Fifth Amendment without immunizing him from fresh prosecution for the reentry. This contention is also foreclosed. *See United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772–73 (9th Cir.2006) (holding that the imposition of supervised release condition requiring alien to report to probation office within 72 hours of his release from imprisonment or of his reentry into the United States did not violate Fifth Amendment privilege against self-incrimination).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand with instructions that the district court delete from the judgment the incorrect reference to § 1326(b)(1). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete reference to § 1326(b)).

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.