**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jorge GARCIA–ANDRADE,**
**Defendant—Appellant.**

**No. 05–50944.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 25, 2006.

Becky S. Walker, Esq., Daniel N. Shallman, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, REINHARDT and BEA, Circuit Judges.

MEMORANDUM **

Jorge Garcia–Andrade appeals from the 36–month sentence imposed following a guilty-plea conviction for being an illegal alien found in the United States after deportation, in violation of 8 U.S.C. § 1326(a), as enhanced by (b)(2). We have

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the conviction and sentence and remand to correct the judgment.

Garcia–Andrade contends that his 36–month sentence is unreasonable because the district court refused to further reduce his sentence to account for the "unwarranted" sentencing disparities between Garcia–Andrade and similarly situated defendants who received lesser sentences under fast-track plea agreements. We disagree. Even assuming the district court failed to consider an unwarranted sentencing disparity, the 36–month sentence is reasonable because the district court properly calculated the advisory Guideline range, considered the other 18 U.S.C. § 3553 factors and imposed a sentence below the advisory Guideline range. *See United States v. Marcial–Santiago,* 447 F.3d 715, 719 (9th Cir.2006) (concluding that unwarranted disparity alone would not render a sentence unreasonable where the sentence was imposed within the Guideline range after considering the Guidelines and other § 3353(a) factors).

Garcia–Andrade also contends that 8 U.S.C. § 1326 is unconstitutional in light of recent Supreme Court case law that undermines continuing validity of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). This contention foreclosed by *United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

2000) (remanding sua sponte to delete reference to § 1326(b)).

**SENTENCE AFFIRMED; REMANDED TO CORRECT JUDGMENT.**