**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Filiberto GUTIERREZ–HERNANDEZ,**
**Defendant—Appellant.**

No. 05–50320.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 28, 2006.

Becky S. Walker, Esq., Keri Curtis Axel, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Plaintiff–Appellee.

Gretchen Fusilier, Esq., Carlsbad, CA, Humberto Diaz, AFPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Filiberto Gutierrez–Hernandez appeals from the sentence imposed after his guilty-plea conviction for unlawful re-entry into the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm and remand.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Gutierrez–Hernandez contends that the district court's imposition of a supervised release condition that requires him to report to his probation officer within 72 hours after re-entry into the United States violates the Fifth Amendment. This contention is foreclosed. *See United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772–73 (9th Cir.2006) (holding that the imposition of this supervised release condition does not violate the Fifth Amendment privilege against self-incrimination because the reporting requirement did not compel an admission of criminal activity).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

We therefore **AFFIRM** the sentence and **REMAND** to the district court for the sole purpose of excising the reference to 8 U.S.C. § 1326(b)(2) from the judgment.