**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ismael BELMAN, aka Humberto Casas, Jr., Ruben Belman Huijon, Humberto Casas, Ruben Belman, Defendant–Appellant.**

No. 05–50935.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.[*]

Filed Sept. 14, 2006.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Adam D. Kamenstein, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Lara A. Bazelon, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM**

Ismael Belman appeals from the sentence imposed following his guilty-plea conviction for making a false statement in a passport application, in violation of 18 U.S.C. § 1542, and being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We reject Belman's contention that 8 U.S.C. § 1326(b) is unconstitutional. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006). We also reject the contention that the district court abused its discretion by imposing as a condition of supervised release a requirement that he report to his probation officer within 72 hours of entering the United States. *See United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772–73 (9th Cir. 2006).

Belman contends that the condition of supervised release requiring him to submit to polygraph testing is unconstitutional. Because this condition must be construed as permitting Belman to retain his Fifth Amendment rights during any polygraph testing, this contention is unpersuasive. *See United States v. Weber,* 451 F.3d 552, 568 n. 17 (9th Cir.2006).

Belman contends that the district court erred by imposing conditions of supervised release—requiring him to submit to plethysmograph testing and to take any medicine prescribed to him—without the necessary evidentiary record, justification, and findings. We agree, and we vacate the sentence and remand to the district court for further proceedings consistent with *Weber,* 451 F.3d at 568–70 and *United States v. Williams,* 356 F.3d 1045, 1055–57 (9th Cir.2004).

Finally, in accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir.2000), we remand the case to the district court with instructions that it

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**VACATED and REMANDED.**