UNITED STATES of America,
Plaintiff–Appellee,

v.

Jorge MEZA–ELIZARRARAS,
Defendant–Appellant.

No. 05–50720.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Jason Debretteville, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: LEAVY, McKEOWN and GOULD, Circuit Judges.

## MEMORANDUM **

Jorge Meza–Elizarraras appeals from the conviction and 36–month sentence imposed following his guilty plea for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm and remand.

■ Meza–Elizarraras contends that the district court erred by denying his motion to dismiss the indictment based on invalid prior deportation proceedings. Because Meza–Elizarraras concedes he had actual notice of his 1995 deportation hearing, we conclude that the underlying in absentia deportation order was not "fundamentally unfair." *See United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1048 (9th Cir.2004); 8 U.S.C. § 1326(d). We reject Meza–Elizarraras's contention that the district court relied on clearly erroneous factual findings in reaching its conclusion. *See United States v. Palafox–Mazon,* 198 F.3d 1182, 1186 (9th Cir.2000). Accordingly, the conviction is affirmed.

■ We reject appellant's contention that the enhancement for his prior felony conviction for a prior crime of violence was unconstitutional. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006).

■ We also reject the contention that the district court abused its discretion by imposing as a condition of supervised release a requirement that he report to his

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

probation officer within 72 hours of re-entering the United States. *See United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772–73 (9th Cir.2006).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir.2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b)(1). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.