MEMORANDUM **
Rodrigo Diaz-Lopez appeals from the 72-month sentence imposed following his guilty-plea conviction for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.
Diaz-Lopez contends that the district court improperly considered certain personal characteristics at sentencing. We review for plain error, see United States v. Dallman, 533 F.3d 755, 761 (9th Cir.2008), and affirm because Diaz-Lopez has not established plain error by the district court, much less that consideration of these personal characteristics affected his substantial rights, see id. at 761-62.
Diaz-Lopez also contends that the sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, the below-guideline sentence was not unreasonable. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).
In accordance with United States v. Rivera-Sanchez, 222 F.3d 1057, 1062 (9th Cir.2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b). See United States v. Herrera-Blanco, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).
AFFIRMED; REMANDED to correct judgment.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.