**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50130 |
| Plaintiff - Appellee, | D.C. No. CR-06-01359-BTM |
| v. | |
| RAMON ALBERTO ARANA-ESQUIVEL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Ramon Alberto Arana-Esquivel appeals from the 57-month sentence

imposed following his guilty-plea conviction for being a deported alien found in

the United States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We affirm, but remand to correct the judgment.

Arana-Esquivel contends that the district court erred by determining that his prior conviction for assault with a semiautomatic firearm, in violation of California Penal Code § 245(b), constituted a crime of violence under U.S.S.G. § 2L1.2, because section 245(b) prohibits merely negligent or reckless conduct and does not require specific intent.  This contention is foreclosed.  *See United States v. Grajeda*, 581 F.3d 1186, 1192-97 (9th Cir. 2009).

Arana-Esquivel also contends that a conviction under section 245(b) is not a categorical crime of violence because it can be based on California's theory of aiding and abetting, which is broader than the federal generic definition.  This contention is unpersuasive.  *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 190-94 (2007).

Finally, Arana-Esquivel contends that the district court erred by imposing a sentence in excess of the two-year statutory maximum under 8 U.S.C. § 1326.  He contends that the avoidance of constitutional doubt doctrine limits the holding of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), that *Almendarez-Torres* has been overruled, and that section 1326(b) is unconstitutional.  These contentions are foreclosed.  *See United States v. Grisel*, 488 F.3d 844, 846-47 (9th Cir. 2007) (en banc).  Arana-Esquivel further contends that the district court improperly

determined the date of his prior conviction, the date of his prior deportation, and the temporal relationship between the two. These contentions are unpersuasive. *See id*. at 847.

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to section 1326(b). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct judgment.**