**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50210 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-01369-RTB |
| v. | |
| ELIAS GOMEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Elias Gomez appeals from the 70-month sentence imposed following his

jury-trial conviction for being a deported alien found in the United States, in

violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and

we affirm, but remand to correct the judgment.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gomez contends that the district court erred by determining that his prior conviction for assault with a deadly weapon on a peace officer, in violation of California Penal Code § 245(c), constituted a crime of violence under U.S.S.G. § 2L1.2, because it does not contain the requisite intent. This contention is foreclosed. *See United States v. Grajeda*, 581 F.3d 1186, 1196-97 (9th Cir. 2009).

Gomez also contends that the district court erred when it imposed a sentence in excess of the two-year statutory maximum under 8 U.S.C. § 1326. He contends that the avoidance of constitutional doubt doctrine limits the holding of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and that *Almendarez-Torres* has been overruled. These contentions are foreclosed. *See United States v. Grisel*, 488 F.3d 844, 846-47 (9th Cir. 2007) (en banc).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to section 1326(b). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)). We also instruct the district court to correct the judgment so that it reflects the fact that Gomez was found guilty on Count One of the indictment after a plea of not guilty.

**AFFIRMED; REMANDED to correct judgment.**