**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50315 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00445-PSG |
| v. | |
| LEOPOLDO GONZALEZ MONDRAGON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted July 19, 2010[**]

Before:    B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Leopoldo Gonzalez-Mondragon appeals from the 37-month sentence

imposed following his guilty-plea conviction to being a deported alien found in the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

United States, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Gonzalez-Mondragon contends that his criminal history was miscalculated because the district court counted the sentence for offenses committed after he illegally reentered, but before he was "found" by the immigration authorities, as criminal history under U.S.S.G. § 4A1.2 rather than relevant conduct under U.S.S.G. § 1B1.3. This contention is foreclosed by *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1164 (9th Cir. 2009) (affirming the inclusion of Defendants' intervening state law crimes in criminal history calculation); *see also United States v. Marler*, 527 F.3d 874, 877-881 (9th Cir. 2008).

We need not decide whether Gonzalez-Mongradon's possession of false documents offense constitutes relevant conduct because he failed to show that he would not have received a criminal history point for his state drug conviction. *See Cruz-Gramajo*, 570 F.3d at 1174.

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand with instructions that the district court delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding to delete the

08-50315

reference to § 1326(b) because it is a sentence enhancement and not a separate punishable offense).

**AFFIRMED; REMANDED to correct the judgment.**