**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50244 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01259-RGK |
| v. | |
| JOSE CASTRO MOSQUEDA, a.k.a. Jose Lopez, a.k.a. Jose Gonzales Mosqueda, a.k.a. Javier Castro Mosqueda, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Jose Castro Mosqueda appeals from the 37-month sentence imposed

following his guilty-plea conviction for being an illegal alien found in the United

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

The district court applied a 12-level sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(B) based on Mosqueda's alleged 1994 drug trafficking conviction. Mosqueda disputed that he was convicted. In applying the enhancement, the district court appeared to rely on the presentence report and a state docket reflecting the 1994 conviction. The only evidence in the record on appeal of Mosqueda's alleged conviction for possession of cocaine base for sale is the contested presentence report, which is insufficient to support the enhancement. *See United States v. Snipe*, 515 F.3d 947, 955 (9th Cir. 2008) (when a defendant objects to a presentence report's factual findings, the court may not simply rely on the factual statements in the PSR to find that the government has carried its burden).

Because the state docket is not part of the district court or appellate record, we are unable to determine precisely what information the district court relied on in making its determination. We consequently are unable to determine whether that information was properly relied on, and whether the 12-level enhancement was supported by clear and convincing evidence. *See United States v. Jordan*, 256 F.3d 922, 928 (9th Cir. 2001) (where factual findings underlying a sentencing

enhancement create a "disproportionate impact" on the defendant's sentence, those findings must be supported by clear and convincing evidence).

Accordingly, we remand for further findings to clarify the basis of the district court's application of the sentencing enhancement, and for the district court to determine whether the government met its burden of proving the sentencing enhancement applies under the clear and convincing standard.

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), upon remand the district court is instructed to delete from the judgment the reference to section 1326(b). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)).

We need not reach Mosqueda's challenge to the substantive reasonableness of his sentence in light of our disposition.

**VACATED; REMANDED.**