FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>YARDIEL RODRIGUEZ HERNANDEZ,<br>a.k.a. Yardiael Rodriguez Hernandez,<br>a.k.a. Yardiel Hernandez, a.k.a. Yardiel R.<br>Hernandez, a.k.a. Yardiel Rodriguez, a.k.a.<br>Yardiel H. Rodriguez, a.k.a. Yardiel<br>Hernandez Rodriguez, a.k.a. Yardiel<br>Rodriguez-Hernandez,<br><br>    Defendant - Appellant. | No. 13-50210<br><br>D.C. No. 2:12-cr-00664-DSF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 18, 2014[**]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Yardiel Rodriguez Hernandez appeals from the district court's judgment and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

challenges the 30-month sentence imposed following his guilty-plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Rodriguez Hernandez contends that the district court declined to impose a below-Guidelines sentence to punish him for rejecting a fast-track plea agreement. The parties dispute the standard of review that applies to this claim. We need not resolve this dispute because, even under de novo review, Rodriguez Hernandez's claim fails. The record reflects that the district court properly based the sentence on the 18 U.S.C. § 3553(a) sentencing factors and not on Rodriguez Hernandez's decision to reject the plea agreement.

Rodriguez Hernandez next contends his sentence is substantively unreasonable because it is greater than necessary to meet the goals of sentencing. The district court did not abuse its discretion by imposing the 30-month sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the low end of the Guidelines range is substantively reasonable in light of the 3553(a) sentencing factors and totality of the circumstances, including Rodriguez Hernandez's immigration history. *See id*.

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062

13-50210

(9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**