**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10516 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00003-GEB |
| v. | |
| JUAN ANDRES ERIBERTO, a.k.a. Juan Andres, a.k.a. Eleobel Enriquez Ramirez, a.k.a. Juan Eriberto-Andres, a.k.a. Eriberto Juan-Andres, a.k.a. Eleobel Ramirez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Juan Andres Eriberto appeals from the district court's judgment and

challenges the 57-month sentence imposed following his guilty-plea conviction for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm but remand with instructions to the district court to correct the judgment.

Eriberto contends that the district court abused its discretion by failing to depart or vary downward to account for his cultural assimilation and the fact that his Guidelines offense level overstated his criminal history. To the extent that Eriberto challenges the district court's failure to depart under the commentary to U.S.S.G. § 2L1.2, our review is limited to determining whether the court imposed a substantively reasonable sentence. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1004-05 (9th Cir. 2012). Contrary to Eriberto's argument, the low-end Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Eriberto's criminal history. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand this case to the district court with instructions that it delete from the judgment the reference to section 1326(b)(2). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)(2)).

**AFFIRMED; REMANDED to correct the judgment.**