UNITED STATES of America,
Plaintiff—Appellee,

v.

Saul ANGUIANO, Defendant—
Appellant.

No. 05-50032.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 1, 2006.

Bonnie L. Hobbs, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jonathan D. Libby, Deputy FPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Saul Anguiano appeals from the 46-month sentence imposed after his guilty-plea conviction for being an illegal alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Anguiano's contention that the district court's condition of supervised release requiring him to report to his probation officer within 72 hours of re-entry into the United States violates the Fifth Amendment is foreclosed by this court's opinion in *United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772–73 (9th Cir.2006).

Nonetheless, Anguiano raised a constitutional challenge to his sentence before the district court and therefore preserved the nonconstitutional error identified in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Beng–Salazar,* 452 F.3d 1088, 1092–1096 (9th Cir.2006). Because we conclude that the Government has not established that it is more probable than not that the error did not materially affect Anguiano's sentencing, we vacate his sentence and remand for resentencing under the advisory Guidelines.

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we also remand the case to the district court with instructions that it delete from the judgment the reference to § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**VACATED AND REMANDED.**