**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Rodolfo TIRADO–JACOBO,**
**Defendant—Appellant.**

**No. 05–50658.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 28, 2006.

Becky S. Walker, Esq., Elizabeth M. Fishman, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Rodolfo Tirado–Jacobo appeals from the 48–month prison sentence imposed following his guilty-plea conviction for being found in the United States following deportation in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm and remand.

Tirado–Jacobo contends that his sentence is unconstitutional because the enhancement he received for a prior conviction under § 1326(b) was not based on facts found by a jury. His contention is foreclosed. *See United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), even though it has been called into question, unless it is explicitly overruled by the Supreme Court).

Tirado–Jacobo next contends that the district court's imposition of a supervised release condition that requires him to report to his probation officer within 72 hours of re-entry into the United States

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

violates the Fifth Amendment. This contention is also foreclosed. *See United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 772–73 (9th Cir.2006) (holding that the imposition of this supervised release condition does not violate the Fifth Amendment privilege against self-incrimination because the reporting requirement does not compel an admission of criminal activity).

In accordance with *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

We therefore **AFFIRM** the sentence and **REMAND** to the district court for the sole purpose of excising the reference to 8 U.S.C. § 1326(b)(2) from the judgment.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.