UNITED STATES of America,
Plaintiff—Appellee,

v.

Rogelio ALTAMIRANO–ORTIZ,
Defendant—Appellant.

No. 05–30436.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

David L. Atkinson, Portland, OR, for Plaintiff–Appellee.

Laurie Bender, Esq., Portland, OR, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Rogelio Altamirano–Ortiz appeals from his 57–month sentence imposed following his guilty plea to being a deported alien found in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm and remand.

Altamirano–Ortiz contends that pursuant to *Shepard v. United States,* 544 U.S.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), and *Dretke v. Haley*, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004), the avoidance of constitutional doubt doctrine requires the court to construe 8 U.S.C. § 1326 and the Sentencing Guidelines such that the fact of a prior conviction must be proven to a jury beyond a reasonable doubt. However, this Court has recently reaffirmed that the fact of a prior conviction may be used to enhance a defendant's offense level under the Guidelines, and increase a defendant's statutory maximum sentence under 8 U.S.C. § 1326(b), even where the prior conviction was not admitted by a defendant. *See United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006). Accordingly, the doctrine of avoidance of constitutional doubt does not require the statute and Guidelines to be construed otherwise.

Altamirano–Ortiz also contends that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), on the grounds that the district court gave undue weight to the Guidelines, and failed to consider factors such as the nature of his prior drug trafficking conviction and the reason he returned to the United States. However, the record reflects that the district court recognized that the Guidelines were advisory, and considered factors set forth by 18 U.S.C. § 3553(a) "such as [defendant's] criminal history, the likelihood that he would attempt re-entry and the sentence calculated under the guidelines." *See United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 771 (9th Cir.2006). We conclude that the sentence imposed on Altamirano–Ortiz, at the low end of the applicable Guidelines range, was not unreasonable.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

In accordance with *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED.**