**Roklo BERISHAJ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–77051.**

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2007.*

Filed June 28, 2007.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

4. Cal.Penal Code § 667(b)–(i).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Diana M. Bailey, Law Office of Diana M. Bailey, Los Angeles, CA, for Petitioner..

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John R. Cunningham, Esq., Shelley R. Goad, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL and CALLAHAN, Circuit Judges, and ROBART,** District Judge.

MEMORANDUM ***

Roklo Berishaj, who was born in the former Yugoslavia and is a native and citizen of the Republic of Montenegro, petitions for review from the Board of Immi-

** The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gration Appeals' ("BIA") summary affirmation of the immigration judge's ("IJ") order of removal. The parties are familiar with the facts and the evidence, so we do not repeat them here. We deny Berishaj's petition concerning his claim under the Convention Against Torture ("CAT") and dismiss the petition to the extent it challenges rulings related to his aggravated felony convictions.

■ Substantial evidence supports the IJ's finding that Berishaj's inconsistent testimony about the Secretary–General of the United Nations and the President of China personally informing Berishaj that his father and two of his sisters died in internment camps was not credible. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004). This court gives deference to the IJ's determination of adverse credibility, and like any factual finding, it is "conclusive unless any reasonable adjudicator would be compelled to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001). Nothing in the administrative record compels a contrary finding.

■ Relief under the CAT requires a showing by the applicant "that it is more likely than not that [the applicant] would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *see also Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001). Even if Berishaj's testimony concerning his father and his two sisters' fate was credible, his other testimony that he feared that he would not be accepted in Montenegro and that he did not fear being returned to the alternate country of Albania does not establish that it is more likely than not that Berishaj would be tortured if returned to Montenegro or Albania. Accordingly, we do not disturb the denial of Berishaj's CAT claim.

■ Berishaj also applied for relief from his convictions under former Immigration and Naturalization Act of 1952 § 212(c).[1] A California jury convicted Berishaj of voluntary manslaughter. The definition of voluntary manslaughter in California Penal Code § 192(a) is nearly identical to the federal definition in 18 U.S.C. § 1112(a). Because Berishaj was convicted by a jury of an aggravated felony—a crime of violence under § 1227(a)(2)(iii)—the IJ properly found him removable.

■ The Supreme Court ruled in *INS v. St. Cyr*, 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), that aliens who pleaded guilty to crimes prior to the repeal of § 212(c) may still be eligible for relief. This court has, however, rejected the application of *INS v. St. Cyr* to allow INA § 212(c) relief in cases where, instead of pleading, the alien was convicted by a jury of an aggravated felony. *See Armendariz–Montoya v. Sonchik*, 291 F.3d 1116, 1121–22 (9th Cir.2002); *United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir.2000). As a result, Berishaj's voluntary manslaughter conviction by a jury renders him ineligible to apply for § 212(c) relief. We therefore lack jurisdiction to review Berishaj's petition concerning his conviction and dismiss that portion of his petition. 8 U.S.C. § 1252(a)(2)(C).

**DENIED in part and DISMISSED in part.**

---

1. Immigration and Nationality Act § 212(c), formerly codified at 8 U.S.C. § 1182(c), allowed for the waiver of certain criminal offenses for immigration purposes. Congress repealed § 212(c) as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996.