**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ivan ALVARADO–TORRES, Defendant—Appellant.**

**No. 07–50065.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

Carol A. Trujillo, AUS, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Candis L. Mitchell, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Ivan Alvarado–Torres appeals from the 30–month sentence imposed following his guilty-plea conviction for illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) and enhanced by 8 U.S.C. § 1326(b)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the sentence and remand.

Alvarado–Torres contends that his enhanced sentence under § 1326(b) is unconstitutional because the prior conviction exception of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been overruled. This contention is foreclosed. *See United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000).

Alternatively, Alvarado–Torres contends that the application of *Almendarez–Torres* is limited to challenges to the indictment where the defendant admits the prior conviction during a guilty plea. This contention is also foreclosed. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006).

Finally, Alvarado–Torres contends that § 1326(b) is unconstitutional on its face because it permits the district court to raise the statutory maximum based on facts not determined by the jury. This contention is also foreclosed. *See id.*

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court with instructions that it delete from the judgment the incorrect reference to § 1326(b). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED with instructions to correct the judgment.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.