UNITED STATES of America, Plaintiff–Appellee,

v.

Alejandra OCHOA–NAVARETTE, Defendant–Appellant.

No. 05–50340.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2008.\*

Filed June 12, 2008.

---

\* The Honorable Otis D. Wright II, United States District Judge for the Central District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

556

Janet C. Hudson, Michael J. Raphael, Esq., Assistant U.S., Office of the U.S.

R.App. P. 34(a)(2).

Attorney, Los Angeles, CA, for Plaintiff–Appellee.

James H. Locklin, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Alejandra Ochoa–Navarette appeals from the sentence imposed following her guilty plea for unlawful reentry by a deported alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm and remand.

■ Ochoa–Navarette first contends that the district court erred in enhancing her sentence under 8 U.S.C. § 1326(b) based on non-jury fact-finding regarding her prior conviction. As Ochoa–Navarette concedes, her contention is foreclosed by our precedent. *See, e.g., United States v. Weiland*, 420 F.3d 1062, 1079 & n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), unless it is expressly overruled by the Supreme Court).

■ Ochoa–Navarette also contends that her sentence is unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). After review of the sentencing record and consideration of the supplemental briefing addressing *Rita v. United States*, — U.S. ——, 127 S.Ct. 2456, 168 L.Ed.2d 203

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(2007), *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and *United States v. Carty*, 520 F.3d 984 (9th Cir.2008) (en banc), we conclude that the district court properly considered the Guidelines and analyzed the 18 U.S.C. § 3553(a) factors, and that the court did not abuse its discretion in imposing a 70–month sentence, at the low end of the Guidelines range. *See Carty*, 520 F.3d at 991–93. Further, the district court sufficiently considered Ochoa–Navarette's cultural assimilation, her motivation for returning to the United States, and her lapsed plea bargain offer, as well as factors such as the nature and seriousness of her offense and her history and characteristics. *See id*; *see also United States v. Vasquez–Landaver*, 527 F.3d 798, 805 (9th Cir.2008) (holding that district court did not abuse its discretion where it declined defendant's request for "the same 48–month sentence that the government had offered in a plea agreement" and instead imposed a "within-Guidelines 90–month sentence").

We therefore **AFFIRM** the district court's judgment. In accordance with *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir.2000), we **REMAND** the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED and REMANDED.**