**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Pablo Diaz GUZMAN, Defendant— Appellant.**

**No. 07–50416.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 23, 2009.

---

Anna Lou T. Tirol, Esquire, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kathryn Thickstun Leff, Law Offices of Kathryn Thickstun Leff, San Diego, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**126**

MEMORANDUM \*\*

Pablo Diaz Guzman appeals from the 70–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Guzman contends that the district court procedurally erred at sentencing by failing to consider the factors set forth in 18 U.S.C. § 3553(a) and by failing to provide a reasoned basis for the sentence imposed and a sufficient record regarding its application and interpretation of the Guidelines. We conclude that the district court did not procedurally err. *See Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007); *United States v. Carty,* 520 F.3d 984, 992–993 (9th Cir.2008) (en banc).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand with instructions that the district court delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b) because it is a sentence enhancement and not a separate punishable offense).

**AFFIRMED; REMANDED to correct the judgment.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).