MEMORANDUM **
Juan Carlos Ledesma-Lozano appeals from the 62-month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm, but remand to correct the judgment.
Ledesma-Lozano contends that the district court erred at sentencing by: 1) failing to apply the parsimony principle as required by 18 U.S.C. § 3553; 2) failing *199 to consider all of the § 3553(a) factors and giving undue weight to the sentencing Guidelines range; and 3) failing to provide an adequate record to support the sentence. Ledesma-Lozano further contends that the sentence is substantively unreasonable. The district court properly considered the § 3553(a) factors and adequately explained the sentence selected. Accordingly, the district court did not pro-eedurally err at sentencing. See United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc). Moreover, in light of the totality of the circumstances, the sentence is substantively reasonable. See id.; see also United States v. Crowe, 563 F.3d 969, 977 n. 16 (9th Cir.2009) (“A substantively reasonable sentence is one that is ‘sufficient, but not greater than necessary’ to accomplish § 3553(a)(2)’s sentencing goals”).
We remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b). See United States v. Rivera-Sanchez, 222 F.3d 1057, 1062 (9th Cir.2000); see also United States v. Herrera-Blanco, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)(2)).
AFFIRMED; REMANDED to correct the judgment.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.