MEMORANDUM *
Moisés Sanchez-Garcia appeals from the 63-month sentence imposed following his guilty plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm, but remand to correct the judgment.
Sanchez-Garcia contends that the sentence is substantively unreasonable because the district court did not sufficiently consider the nature of his prior offenses, the age of his kidnapping conviction, the potential sentencing disparity with other similarly situated defendants and his background. Sanchez-Garcia also contends that the district court did not sufficiently explain the sentence in order to allow meaningful appellate review. The district court properly considered the § 3553(a) factors and adequately explained the sentence selected. Accordingly, the district court did not procedurally err at sentencing. See United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc). Moreover, in light of the totality of the circumstances, the sentence is substantively reasonable. See id; see also United States v. Crowe, 563 F.3d 969, 977 n. 16 (9th Cir.2009) (“A substantively reasonable sentence is one that is ‘sufficient, but not greater than necessary’ to accomplish § 3553(a)(2)’s sentencing goals”).
We remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b). See United States v. Rivera-Sanchez, 222 F.3d 1057, 1062 (9th Cir.2000); see also United States v. Herreras-Blanco, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)(2)).
AFFIRMED; REMANDED to correct the judgment.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.