**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ismael Juan RAMIREZ–GUERRERO,**
**Defendant–Appellant.**

No. 07–50410.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

William A. Hall, Esquire, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Zandra L. Lopez, Esquire, San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Ismael Juan Ramirez–Guerrero appeals from the 41–month sentence imposed fol-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lowing his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Ramirez–Guerrero contends that the district court erred by applying a "crime of violence" sentencing enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), because his prior conviction for lewd and lascivious acts on a minor under 14, in violation of California Penal Code § 288(a), does not constitute sexual abuse of a minor. This contention is foreclosed by *United States v. Medina–Villa*, 567 F.3d 507, 509 (9th Cir.2009).

Ramirez–Guerrero also contends that the district court procedurally erred at sentencing by failing to consider all of the factors set forth in 18 U.S.C. § 3553(a), including sentences outside the guidelines range and unwarranted sentencing disparities. He further contends that the sentence is greater than necessary to achieve the statutory sentencing goals. The record reflects that the district court did not procedurally err at sentencing. *See United States v. Carty*, 520 F.3d 984, 991–93 (9th Cir.2008) (en banc). Moreover, in light of the totality of the circumstances, the sentence is not substantively unreasonable. *See id.* at 993, 996.

In accordance with *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to 8 U.S.C. § 1326(b). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

***

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**AFFIRMED; REMANDED to correct the judgment.**