FILED

JAN 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

JOSE SERAFIN RAMIREZ-DE LA
CRUZ,

        Defendant - Appellant.

No. 09-30147

D.C. No. 3:07-CR-00448-ALH

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

    Jose Serafin Ramirez-De La Cruz appeals from the 57-month sentence

imposed following his guilty-plea conviction for illegal reentry, in violation of

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

SZ/Research

8 U.S.C. § 1326.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm, but remand to correct the judgment.

Ramirez-De La Cruz contends that his sentence is unreasonable because: (1) it is based on a 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), which is an inherently flawed Guideline; (2) application of the 16-level enhancement resulted in a Guidelines' range that was greater than necessary to achieve the purposes of sentencing; (3) the district court failed to consider the 18 U.S.C. § 3553(a) sentencing factors; and (4) the district court failed to consider his argument regarding the 16-level increase and his argument in favor of a departure based on assimilation.  The record indicates that the district court did not procedurally err and that Ramirez-De La Cruz's sentence is substantively reasonable.  *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc); *cf. United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054-58 (9th Cir. 2009).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b)(2).  *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**