UNITED STATES of America, Plaintiff–Appellee,

v.

Carlos SOTO–LOPEZ, aka Carlos Soto, aka Manuel Urias–Castro, aka Carlos Mendoza–Camacho, Defendant–Appellant.

No. 09–50027.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 7, 2010.

Stephen Frederick Miller, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy Robert Garrison, Trial, Doug Keller, Federal Public Defender, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

### MEMORANDUM **

Carlos Soto–Lopez appeals from the 77–month sentence imposed following his guilty-plea conviction for being a deported

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

alien found in the United States, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment. We grant the parties' requests to take judicial notice of certain documents outside the district court record.

Soto–Lopez contends that the district court procedurally erred by failing to address adequately his argument that he was entitled to the 48–month sentence he would have received had his attorney not advised him to reject the government's "fast-track" offer. Our review of the record indicates that the judge adequately addressed this argument. *See Rita v. United States,* 551 U.S. 338, 359, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v. Carty,* 520 F.3d 984, 995 (9th Cir.2008) (en banc).

Soto–Lopez also contends that the district court abused its discretion in imposing the 77–month sentence at the bottom of the Guidelines range rather than the 48–month sentence he would have received had he accepted the government's offer. Considering the totality of the circumstances, the district court's sentence was not substantively unreasonable. *See United States v. Vasquez–Landaver,* 527 F.3d 798, 804–05 (9th Cir.2008) (district court did not abuse its discretion in rejecting defendant's request for 48–month "fast-track" sentence offered by government and rejected).

Finally, as Soto–Lopez concedes, his contention that the sentencing judge violated the Fifth and Sixth Amendments by increasing his sentence pursuant to an aggravated felony finding is foreclosed. *See Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**