**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CARLOS SOTO-LOPEZ, AKA Carlos Soto, AKA Manuel Urias-Castro, AKA Carlos Mendoza-Camacho,<br><br>Defendant - Appellant. | No. 09-50027<br><br>D.C. No. 3:07-CR-03475-IEG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Carlos Soto-Lopez appeals from the 77-month sentence imposed following

his guilty-plea conviction for being a deported alien found in the United States, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

EG/Research

violation of 8 U.S.C. § 1326(a).  We have jurisdiction pursuant to 28 U.S.C.

§ 1291.  We affirm, but remand to correct the judgment.  We grant the parties'

requests to take judicial notice of certain documents outside the district court

record.

Soto-Lopez contends that the district court procedurally erred by failing to

address adequately his argument that he was entitled to the 48-month sentence he

would have received had his attorney not advised him to reject the government's

"fast-track" offer.  Our review of the record indicates that the judge adequately

addressed this argument.  *See Rita v. United States*, 551 U.S. 338, 359 (2007);

*United States v. Carty*, 520 F.3d 984, 995 (9th Cir. 2008) (en banc).

Soto-Lopez also contends that the district court abused its discretion in

imposing the 77-month sentence at the bottom of the Guidelines range rather than

the 48-month sentence he would have received had he accepted the government's

offer.  Considering the totality of the circumstances, the district court's sentence

was not substantively unreasonable.  *See United States v. Vasquez-Landaver*, 527

F.3d 798, 804-05 (9th Cir. 2008) (district court did not abuse its discretion in

rejecting defendant's request for 48-month "fast-track" sentence offered by

government and rejected).

Finally, as Soto-Lopez concedes, his contention that the sentencing judge

violated the Fifth and Sixth Amendments by increasing his sentence pursuant to an aggravated felony finding is foreclosed. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**