**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Saul SOTO–MELCHOR, Defendant– Appellant.**

**No. 12–30254.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2013.*

Filed May 20, 2013.

Helen J. Brunner, Esquire, Assistant U.S., Jerrod C. Patterson, Office of the U.S. Attorney, Seattle, WA, for Plaintiff– Appellee.

Lynn Hartfield, Assistant Federal Public Defender, FPDWA–Federal Public Defender's Office, Seattle, WA, for Defendant–Appellant.

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

MEMORANDUM **

Saul Soto–Melchor appeals from the district court's judgment and challenges the 40–month sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 1291, and we affirm, but remand to correct the judgment.

Soto–Melchor first contends that the district court procedurally erred by failing to consider his arguments regarding unwarranted sentencing disparities and other mitigating factors, and by failing to explain why it rejected those arguments. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The district court listened to and addressed Soto–Melchor's arguments, and adequately explained the sentence imposed.

Soto–Melchor next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Soto–Melchor's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Soto–Melchor's history of immigration violations and the circumstances of his arrest. *See id.*

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.