**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30254 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00121-JLR |
| v. | |
| SAUL SOTO-MELCHOR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Saul Soto-Melchor appeals from the district court's judgment and challenges

the 40-month sentence imposed following his guilty-plea conviction for illegal

reentry after deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm, but remand to correct the judgment.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Soto-Melchor first contends that the district court procedurally erred by failing to consider his arguments regarding unwarranted sentencing disparities and other mitigating factors, and by failing to explain why it rejected those arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court listened to and addressed Soto-Melchor's arguments, and adequately explained the sentence imposed.

Soto-Melchor next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Soto-Melchor's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Soto-Melchor's history of immigration violations and the circumstances of his arrest. *See id*.

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**