**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30144 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00215-BLW |
| v. | |
| NICANOR ZARATE-ZENAIDO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David O. Carter, District Judge, Presiding[**]

Submitted May 14, 2013[***]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Nicanor Zarate-Zenaido appeals from the district court's judgment and

challenges the 30-month sentence imposed following his guilty-plea conviction for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David O. Carter, United States District Judge for the Central District of California, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

illegal reentry, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm, but remand to correct the judgment.

Zarate-Zenaido contends that his sentence is substantively unreasonable under *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), in light of the staleness of his prior conviction and lack of intervening criminal conduct. The district court did not abuse its discretion in imposing Zarate-Zenaido's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The record reflects that the district court varied downward to reflect its belief that Zarate-Zenaido's criminal history was overstated. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, the below-Guidelines sentence is substantively reasonable. *See id*.

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**