**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 12-10616 |
| Plaintiff - Appellee, | 12-10617 |
| v. | D.C. Nos. 2:06-cr-00347-WBS |
| | 2:12-cr-00190-WBS |
| JORGE FIGUEROA-BANUELOS, a.k.a. Jorge Banuelos, a.k.a. Jorge Banuelos-Figueroa, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

In these consolidated appeals, Jorge Figueroa-Banuelos appeals from the

33-month sentence imposed following his guilty-plea conviction for being a

deported alien found in the United States, in violation of 8 U.S.C. § 1326; and the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

13-month consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm but remand to correct the judgment.

Figueroa-Banuelos first contends that the district court procedurally erred by relying on an erroneously calculated 2007 sentence as the starting point for the illegal reentry sentence. This contention is unpersuasive. The district court used the correctly calculated Guidelines range as the initial benchmark for the sentence and properly considered the prior sentence as relevant to the need for deterrence and the other 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc).

Figueroa-Banuelos next contends that the district erred by ordering the sentences for his illegal reentry conviction and supervised release revocation to run consecutively. He argues that U.S.S.G. § 5D1.1(c) recognizes that a new illegal reentry prosecution serves the goals of deterrence and public protection, and therefore a consecutive sentence for a supervised release violation results in a sentence that is longer than necessary. He further contends that the district court did not adequately explain the need for consecutive sentences. We disagree. Section 5D1.1(c) concerns the imposition of a term of supervised release, not the sentence to be imposed upon revocation. *See* U.S.S.G. § 5D1.1(c). The record

12-10616 & 12-10617

reflects that the district court adequately explained that consecutive sentences were needed to punish Figueroa-Banuelos's breach of the court's trust. *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007). Moreover, the aggregate sentence is substantively reasonable in light of the relevant sentencing factors and the totality of the circumstances. *See* 18 U.S.C. §§ 3553(a) and 3583(e); U.S.S.G. § 7B1.3(f) (recommending that any sentence imposed upon revocation of supervised release be ordered to run consecutively); *Gall v. United States*, 552 U.S. 38, 51 (2007).

In accordance with *United States v. Rivera-Sanchez* , 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to section 1326(b)(2). *See United States v. Herrera-Blanco* , 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**