Carlos Arguello, II, Esquire, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Joseph Camden, Trial, Kristi A. Hughes, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

## MEMORANDUM **

Juan Rodriguez–Gonzalez appeals from the district court's judgment and challenges the 37–month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rodriguez–Gonzalez contends that the district court procedurally erred by failing to appreciate its discretion under *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), to vary downward from the Guideline range on policy grounds. The record reflects that the court considered Rodriguez–Gonzalez's policy-based arguments and declined to exercise its discretion to vary from the Guidelines. *See United States v. Ayala–Nicanor*, 659 F.3d 744, 752–53 (9th Cir. 2011).

Rodriguez–Gonzalez also contends that his sentence is substantively unreasonable because this is his first immigration conviction. He argues that the district court gave too much weight to his criminal history, which was already factored into the Guideline range, and did not give sufficient consideration to the need to avoid unwarranted sentencing disparities, the nature and circumstances of the offense, and the fact that he had not previously spent more than a year in jail. The district court did not abuse its discretion in imposing Rodriguez–Gonzalez's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The 37–month sentence at the bottom of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Rodriguez–Gonzalez's criminal and immigration history. *See id.*

**AFFIRMED.**

## UNITED STATES of America, Plaintiff–Appellee,

v.

## Yardiel RODRIGUEZ HERNANDEZ, a.k.a. Yardiael Rodriguez Hernandez, a.k.a. Yardiel Hernandez, a.k.a. Yardiel R. Hernandez, a.k.a. Yardiel Rod-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

riguez, a.k.a. **Yardiel H. Rodriguez,** a.k.a. **Yardiel Hernandez Rodriguez,** a.k.a. **Yardiel Rodriguez–Hernandez,** Defendant–Appellant.

No. 13–50210.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2014.*

Filed Feb. 27, 2014.

Curtis A. Kin, Esquire, Assistant U.S., Joshua A. Klein, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esquire, Deputy Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Yardiel Rodriguez Hernandez appeals from the district court's judgment and challenges the 30–month sentence imposed following his guilty-plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Rodriguez Hernandez contends that the district court declined to impose a below-Guidelines sentence to punish him for rejecting a fast-track plea agreement. The parties dispute the standard of review that applies to this claim. We need not resolve this dispute because, even under de novo review, Rodriguez Hernandez's claim fails. The record reflects that the district court properly based the sentence on the 18 U.S.C. § 3553(a) sentencing factors and not on Rodriguez Hernandez's decision to reject the plea agreement.

Rodriguez Hernandez next contends his sentence is substantively unreasonable because it is greater than necessary to meet the goals of sentencing. The district court did not abuse its discretion by imposing the 30–month sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence at the low end of the Guidelines range is substantively reasonable in light of the 3553(a) sentencing factors and totality of the circumstances, including Rodriguez Hernandez's immigration history. *See id.*

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.