UNITED STATES of America, Plaintiff–Appellee,

v.

Gabriel JIMENEZ–ALVARADO, a.k.a. Gabriel Alvarado, a.k.a. Gabriel Jimenez, a.k.a. Gabriel A. Jimenez, Defendant–Appellant.

No. 13–50230.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2014.*

Filed March 17, 2014.

L. Ashley Aull, Curtis A. Kin, Esquire, Assistant U.S., Los Angeles, CA, Corey G. Lee, Esquire, Assistant U.S., Riverside, CA, for Plaintiff–Appellee.

Kurt J. Mayer, Assistant Federal Public Defender, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

MEMORANDUM **

Gabriel Jimenez–Alvarado appeals from the district court's judgment and challenges the 46–month sentence imposed following his guilty-plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jimenez–Alvarado contends that the district court procedurally erred by failing to appreciate its discretion under *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), to vary downward from the Guidelines range on policy grounds, and by failing to explain how it exercised that discretion. Because Jimenez–Alvarado did not raise these objections in the district court, we review for plain error.. *See United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010). We find none. The record reflects that the district court appreciated its discretion to vary below the Guidelines range, but declined to do so because it found Jimenez–Alvarado's policy challenge and mitigating arguments unpersuasive. *See United States v. Henderson,* 649 F.3d

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

955, 964 (9th Cir.2011) ("[D]istrict courts are not obligated to vary from the ... Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them."). Moreover, the court's explanation for the sentence was sufficient. *See United States v. Ayala–Nicanor,* 659 F.3d 744, 752–53 (9th Cir.2011).

Jimenez–Alvarado also contends that his sentence is substantively unreasonable in light of problems with U.S.S.G. § 2L1.2, his early plea, and his history and characteristics. The district court did not abuse its discretion in imposing Jimenez–Alvarado's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Jimenez–Alvarado's sentence at the bottom of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Jimenez–Alvarad's criminal history. *See id.*

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to section 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.