FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50230 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00003-CAS |
| v. | |
| GABRIEL JIMENEZ-ALVARADO, a.k.a. Gabriel Alvarado, a.k.a. Gabriel Jimenez, a.k.a. Gabriel A. Jimenez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted March 10, 2014[**]

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Gabriel Jimenez-Alvarado appeals from the district court's judgment and

challenges the 46-month sentence imposed following his guilty-plea conviction for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jimenez-Alvarado contends that the district court procedurally erred by failing to appreciate its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to vary downward from the Guidelines range on policy grounds, and by failing to explain how it exercised that discretion. Because Jimenez-Alvarado did not raise these objections in the district court, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). We find none. The record reflects that the district court appreciated its discretion to vary below the Guidelines range, but declined to do so because it found Jimenez-Alvarado's policy challenge and mitigating arguments unpersuasive. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) ("[D]istrict courts are not obligated to vary from the . . . Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them."). Moreover, the court's explanation for the sentence was sufficient. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 752-53 (9th Cir. 2011).

Jimenez-Alvarado also contends that his sentence is substantively unreasonable in light of problems with U.S.S.G. § 2L1.2, his early plea, and his history and characteristics. The district court did not abuse its discretion in

imposing Jimenez-Alvarado's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Jimenez-Alvarado's sentence at the bottom of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Jimenez-Alvarad's criminal history. *See id.*

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to section 1326(b)(2). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**