
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50401 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01068-SVW |
| v. | |
| ALEJANDRA OCHOA-NAVARRETE, a.k.a. Monica Gonzales, a.k.a. Anna Gonzalez, a.k.a. Monica Gonzalez, a.k.a. Alejandra Ochoa Navarette, a.k.a. Alejandra Ochoa, a.k.a. Anna Ochoa, a.k.a. Maria DeJesus Ochoa, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted December 9, 2014[**]

Before: WALLACE, LEAVY, and BYBEE, Circuit Judges.

Alejandra Ochoa-Navarrete appeals from the district court's judgment and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

challenges the 46-month sentence imposed following her guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm, but remand to correct the judgment.

Ochoa-Navarrete contends that the district court violated Federal Rule of Criminal Procedure 32 by failing to rule on her objection to the presentence report ("PSR"). The district court did not violate Rule 32 because Ochoa-Navarrete's objection to the PSR concerned a legal issue, not a factual dispute. *See United States v. Grajeda*, 581 F.3d 1186, 1188-89 (9th Cir. 2009).

Ochoa-Navarrete also contends that the district court procedurally erred by failing to respond to her request for a cultural assimilation departure, and by failing to understand and address her mitigating argument regarding the reduced need for deterrence in view of her eligibility for a U-visa. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find no error. The record reflects that the district court considered Ochoa-Navarrete's cultural assimilation departure request, properly understood and considered her U-visa argument, and sufficiently explained the below-Guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062

13-50401

(9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to section 1326(b)(2). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)(2)).

**AFFIRMED; REMANDED to correct the judgment.**