**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10425 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00442-AWI |
| v. | |
| JAIME MORENO-CASTANEDA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Jaime Moreno-Castaneda appeals from the district court's judgment and

challenges the 46-month sentence imposed following his guilty-plea conviction for

being a deported alien found in the United States, in violation of 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm but remand to correct the judgment.

Moreno-Castaneda contends that the district court abused its discretion by electing to run the 46-month sentence consecutive to an undischarged state sentence. He argues that the resulting sentence is substantively unreasonable in light of his poor upbringing, history of substance abuse, positive work history, and efforts to support his American children. The district court did not abuse its discretion in imposing Moreno-Castaneda's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 46-month consecutive sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Moreno-Castaneda's significant criminal history and the need to protect the public and provide just punishment for the offense. *See* U.S.S.G. §§ 2L1.2 cmt. n. 8, 5G1.3(d); *Gall*, 552 U.S. at 51.

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand this case to the district court with instructions that it delete from the judgment the reference to section 1326(b)(2). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)(2)).

**AFFIRMED; REMANDED to correct the judgment.**

15-10425